UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAPHAEL MAXIMILIAN RUSSELL,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | Case No.:  17cv1475-JLS (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING FOR FURTHER PROCEEDINGS**<br><br>**[ECF Nos. 9, 14]** |

Plaintiff Raphael Maximilian Russell brought this action for judicial review of the Social Security Commissioner's ("Commission") denial of his claim for disability insurance benefits. ECF No. 1. Before the Court are Plaintiff's Motion for Summary Judgment [ECF No. 9-1 ("Pl.'s Mot.")], Defendant's Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment [ECF Nos. 14-1 and 15-2[1] ("Def.'s Mot.")], and Plaintiff's Reply to Defendant's Opposition [ECF No. 17 ("Pl.'s Reply")].

---

[1] Defendant's Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment appear on the docket as two documents, numbers 14 and 15.  However, the contents of the documents are the same.  For clarity, the Court will refer to Defendant's cross-motion and opposition as one document, namely, "Def.'s Mot." and will cite to ECF No. 14-1.

1

This Report and Recommendation is submitted to United States District Judge Janis L. Sammartino pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California. For the reasons set forth below, this Court **RECOMMENDS** that Plaintiff's Motion for Summary Judgment be **GRANTED,** Defendant's Cross-Motion for Summary Judgment be **DENIED**, and the case be remanded for further proceedings.

I. **PROCEDURAL BACKGROUND**

On March 12, 2015, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on December 12, 2014.[2] See Administrative Record ("AR") at 55-56, 75, 142-48. The claim was denied initially on October 9, 2015, and upon reconsideration on December 8, 2015, resulting in Plaintiff's request for an administrative hearing. Id. at 95-98, 101-05, 106-07.

On September 13, 2016, a hearing was held before Administrative Law Judge ("ALJ") Eric V. Benham. Id. at 28-54. Plaintiff was not represented by an attorney and presented his own case. Id. at 30. Plaintiff and an impartial vocational expert testified at the hearing. See id. at 28-54; see also id. at 19. In a written decision dated January 12, 2017, ALJ Benham determined that Plaintiff had not been under a disability, as defined in the Social Security Act, from December 12, 2014 through the date of the ALJ's decision. Id. at 19, 27. Plaintiff retained an attorney and requested review by the Appeals Council. Id. at 135-40. In an order dated May 25, 2017, the Appeals Council denied review of the ALJ's ruling, and the ALJ's decision therefore became the final decision of the Commissioner. Id. at 1-4

On July 21, 2017, Plaintiff filed the instant action seeking judicial review by the federal district court. See ECF No. 1. On November 13, 2017, Plaintiff filed a timely motion for summary judgment alleging the ALJ committed legal error by failing to properly consider the Department

---

[2] Although Plaintiff's Motion and Plaintiff's Separate Statement of Undisputed Facts [ECF No. 9-2] claim the filing date of the Title II application was May 12, 2015, the record that Plaintiff cites to indicates the filing date was March 12, 2015. See Pl.'s Mot. at 2; ECF No. 9-2 at 2; AR at 55-56.

of Veterans Affairs ("VA") disability rating. See Pl.'s Mot. Plaintiff asks the Court to overturn the final decision of the Commissioner and award Plaintiff his disability insurance benefits without remand, or alternatively, to remand the case to the Social Security Administration ("SSA") "with an instruction to give the required 'great weight' to the VA disability rating." Id. at 6-7. On January 28, 2018, Defendant filed an opposition to Plaintiff's motion for summary judgment and a cross-motion for summary judgment asserting that the ALJ properly evaluated the VA disability rating.[3] See Def's. Mot. On February 5, 2018, Plaintiff timely filed a reply to Defendant's opposition to Plaintiff's motion for summary judgment. Pl's Reply.

## II. ALJ'S DECISION

On January 12, 2017, the ALJ issued a written decision in which he determined that Plaintiff was not disabled as defined in the Social Security Act. AR at 19-27. Initially, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 12, 2014, the alleged onset date. Id. at 21. He then considered all of Plaintiff's medical impairments and determined that the following impairments were "severe" as defined in the Regulations: "degenerative disc disease of the lumbar spine and status post lumbar spine fusion surgery; degenerative disc disease of the cervical spine and status post cervical spine fusion surgery; degenerative changes of the bilateral shoulders; bilateral knee osteoarthritis; chronic obstructive pulmonary disease (20 CFR 404.1520(c))." Id. At step three, the ALJ found that Plaintiff's medically determinable impairments or combination of impairments did not meet or medically equal the listed impairments. Id. at 23. In reaching this decision, the ALJ noted that "[n]o physician has opined that the claimant's condition meets or equals any listing, and the state agency program physicians opined that it does not." Id.

---

[3] On December 12, 2017, the Court granted the parties' joint motion for an extension of time for Defendant to respond to Plaintiff's motion for summary judgment. ECF No. 11. Defendant was required to file an opposition and cross-motion for summary judgment by January 15, 2018. Id. On January 26, 2018, Plaintiff filed a reply in support of his motion for summary judgment noting Defendant's failure to respond. ECF No. 12. Later that same day, Defendant filed a second motion for extension of time to file. ECF No. 13. The Court granted the motion and extended Defendant's filing deadline to January 29, 2018. ECF No. 16.

To determine at step four whether Plaintiff could return to his past work, the ALJ performed a residual functional capacity ("RFC") analysis. See id. at 20, 23. The ALJ considered Plaintiff's severe impairments and determined that his RFC permitted a "maximum sustained work capacity" of sedentary work. Id. at 25. The ALJ found that Plaintiff has the RFC "to lift or carry 10 pounds occasionally and less than 10 pounds frequently; stand or walk for 2 hours out of an 8-hour workday; sit for 6 hours total out of an 8-hour workday; occasionally bend, stoop, crouch, crawl, climb stairs, kneel, and balance; no climb ladders, ropes or scaffolds; occasional overhead reaching; avoid concentrated exposure dust, fumes, pollutants, temperature extremes; avoid hazards such as unprotected heights or being around dangerous machinery." Id. at 23. In reaching this decision, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" and he "also considered opinion evidence in accordance with the requirements" of the regulations. Id. at 23-24. The ALJ noted that Plaintiff alleged disability due to low back pain, neck pain, left leg numbness, right shoulder pain, left knee pains, episodic coughing, and PTSD. Id. at 24. However, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Id. Having completed the RFC findings, the ALJ determined that Plaintiff could return to his past work as a fire dispatcher and case worker because this work is not precluded by his functional limitations. Id. at 26. The ALJ therefore found that Plaintiff was not disabled. Id.

## III. STANDARD OF REVIEW

Section 405(g) of the Social Security Act permits unsuccessful applicants to seek judicial review of the Commissioner's final decision. 42 U.S.C. § 405(g). The scope of judicial review is limited in that a denial of benefits will not be disturbed if it is supported by substantial evidence and contains no legal error. Id.; see also Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004).

Substantial evidence is "more than a mere scintilla, but may be less than a preponderance." Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001) (internal citation omitted).

It is "relevant evidence that, considering the entire record, a reasonable person might accept as adequate to support a conclusion." Id. (internal citation omitted); see also Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "In determining whether the [ALJ's] findings are supported by substantial evidence, [the court] must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the [ALJ's] conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998) (internal citations omitted). Where the evidence can reasonably be construed to support more than one rational interpretation, the court must uphold the ALJ's decision. See Batson, 359 F.3d at 1193. This includes deferring to the ALJ's credibility determinations and resolutions of evidentiary conflicts. See Lewis, 236 F.3d at 509.

Even if the reviewing court finds that substantial evidence supports the ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his or her decision. See Batson, 359 F.3d at 1193. Section 405(g) permits a court to enter judgment affirming, modifying, or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administration for further proceedings. Id.

## IV. DISCUSSION

Plaintiff argues that the ALJ committed legal error because he did not properly consider Plaintiff's VA disability rating. Pl.'s Mot. at 4-5. Plaintiff explains that the ALJ acknowledged that Plaintiff has a VA disability rating of 100% but argues that he did not provide the requisite persuasive, specific, and valid reasons for giving less than great weight to that rating. Id. Plaintiff further explains that 70% of his VA disability is attributed to PTSD psychological limitations and yet the ALJ did not identify or discuss any countervailing psychological expert opinions or other evidence in the record when he discounted Plaintiff's psychological issues. Id. at 5. Finally, Plaintiff asserts that "the mere fact that [Plaintiff] is 100% by the VA disability rating shows that he is unable to perform any past work, or any jobs in the national economy." Id.

Defendant responds that the ALJ properly evaluated the VA disability rating. Def.'s Mot.

In support, Defendant claims the ALJ acknowledged the overall combined VA disability rating of 100% that was issued prior to the alleged onset date and explained that "VA ratings of disability do not compel the Agency to find 'disability' under the Social Security Act and regulations," and that the disability decisions of other governmental or nongovernmental agencies are considered evidence of Plaintiff's condition and are not binding on the SSA. Id. at 3-4; AR at 25. Defendant argues that regarding the 70% PTSD rating, the ALJ did not fail to give the rating any weight, but fully incorporated it in his evaluation of Plaintiff's mental impairments and functional capacity.[4] Def.'s Mot. at 5; AR at 23-25. Defendant contends that the ALJ specifically discussed Plaintiff's allegations of anxiety, depression, and PTSD in step two of his sequential disability evaluation. Def.'s Mot. at 5; AR at 23, 25. Defendant also argues that the ALJ noted that the State agency psychological consultants determined that the record evidence established no severe mental impairments. Def.'s Mot. at 6; AR at 25. Furthermore, Defendant argues that Plaintiff "fails to challenge any of the ALJ's review and discussion of the mental health evidence, as well as the ALJ's findings regarding Plaintiff's nonsevere mental impairments" and thus concedes their propriety. Def.'s Mot. at 7. Finally, Defendant argues that a 100% VA disability rating alone does not entitle Plaintiff to disability benefits because the framework for evaluating disability are different between the VA and SSA. Id.

In his reply, Plaintiff argues that he has "a multitude of impairments that create his VA rating of 100% disabled, and the ALJ provides no discussion as to why he does not need to give great weight to the VA rating, which includes significant percentages for the physical limitations, that the ALJ did find severe." Pl.'s Reply at 2.

### A. **Relevant Law**

"[A]lthough a VA rating of disability does not necessarily compel the SSA to reach an identical result, 20 C.F.R. § 404.1504, the ALJ must consider the VA's finding in reaching his decision." McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). When considering a VA

---

[4] Defendant argues that Plaintiff only challenged the ALJ's evaluation of the 70% PTSD disability rating [Pl.'s Mot. at 5-6], and that Plaintiff therefore concedes the ALJ correctly evaluated his physical impairments. Def.'s Mot. at 3 n.2.

determination of disability, the ALJ must give great weight to the decision because "of the marked similarity between these two federal disability programs." Id. Specifically,

> [b]oth programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims. . . . Both programs have a detailed regulatory scheme that promotes consistency in adjudication of claims. Both are administered by the federal government, and they share a common incentive to weed out meritless claims.

Id. However, because the VA and SSA criteria for determining disability are not identical, "the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." Id.

### B. **Inadequate Record**

Initially, the Court is concerned about the adequacy of the Administrative Record. It is a long-standing principle that an ALJ in Social Security cases "'has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) (quoting Brown v. Heckler, 713 F.2d 41, 443 (9th Cir. 1983). "The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (citations omitted). In McLeod, the Ninth Circuit explained:

> We held in Tonapetyan v. Halter that "[a]mbiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry." The ALJ must be "especially diligent" when the claimant is unrepresented or has only a lay representative, as McLeod did. A specific finding of ambiguity or inadequacy of the record is not necessary to trigger this duty to inquire, where the record establishes ambiguity or inadequacy.

McLeod, 640 F.3d at 885 (internal citations omitted); see also Cox v. Califano, 587 F.2d 988, 991 (9th Cir. 1978) ("[W]here the claimant is not represented, it is incumbent upon the ALJ "to

7

scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." (internal quotation marks and citation omitted)). The McLeod court concluded that "when the record suggests a likelihood that there is a VA disability rating, and does not show what it is, the ALJ has a duty to inquire" and by failing to do so, "the ALJ erred, denying [McLeod] the 'full and fair hearing' to which he is entitled." McLeod, 640 F.3d at 886. "[I]f the basis for the VA's finding of disability is unclear, the ALJ's duty to inquire and further develop the record would be triggered." Brewer v. Astrue, 400 F. App'x 216 (9th Cir. 2010).

Here, Plaintiff was representing himself during the disability hearing so the ALJ needed to be "especially diligent" about the record. McLeod, 640 F.3d at 885. While the record contains the VA disability percentages, it does not contain the Rating Decision issued by the VA that contains the date of the decision, the bases for the disability determination, and the explanation of the disability rating percentages. See AR generally; see also Genewoo Ee v. Berryhill, No. CV 16-5894-E, 2017 WL 627421, at *4 (C.D. Cal. Feb. 15, 2017) (discussing a plaintiff's Rating Decision issued by the VA). In his decision, the ALJ states "[p]rior to the alleged onset, the VA determined that the claimant was 100% disabled due to PTSD (70%); intervertebral disc syndrome (60%); sleep apnea syndromes (50%); fibromyalgia (40%); degenerative arthritis of the spine (20%); impairment of the clavicle or scapula (20%); synovitis (10%)," but he merely cites to two pages of a consult request regarding custom orthotics from Plaintiff's podiatry provider that include the percentage ratings. AR at 25, 516-17 (Exhibit 4F at 143-44). The cited pages do not include any explanation for the ratings. The failure to obtain and consider the VA Rating Decision is especially significant in this case because the list includes a number of severe syndromes and diseases and the disability percentages add up to well over 100%.

Because 1) Plaintiff was representing himself, 2) the Administrative Record does not contain the reasons for the VA disability percentages, and 3) the VA identified a large number of significant disabilities, the Court finds that the record is ambiguous and incomplete. See Brewer, 400 F. App'x at 216; Roberts v. Colvin, No. 2:14-16545, 2015 WL 5476340, at *4 (S.D. W. Va. Sept. 17, 2015) (noting that "[n]o explanation of the disability rating percentages [was] included in the consult request, nor was the full rating decision in the record before the

ALJ"). The ALJ was required to be especially diligent regarding the record and his failure to include the VA disability rating decision or the VA's bases for its ratings and to set forth his reasons for discounting the VA disability ratings is an error. See Brewer, 400 F. App'x at 216 (remanding for further consideration and development of the record to determine the basis of the VA's disability determination); Roberts, 2015 WL 5476340, at *6-8 (remanding for further proceedings because the record contained the VA disability rating percentages but no explanation for the percentages and the ALJ did not "specify what weight was given to the disability percentages and why"); Crill v. Colvin, No. 2:15-CV-0063-FVS, 2016 WL 1069661, at *6–7 (E.D. Wash. Mar. 17, 2016) (discussing and listing factors provided by the VA as the basis for the claimant's VA disability rating). The record also appears to be deficient because it does not include medical records from Terri Brown, a therapist who treated Plaintiff "for PTSD, anger management, and anxiety." AR at 33. The ALJ cites to portions of the record that indicate that Plaintiff is undergoing therapy with Terri Brown as support for his finding of no severe mental impairment, but the administrative record does not include any treatment records from Terri Brown.[5] See e.g., AR at 23, 61, 962. Accordingly, the Court finds the record is inadequate and the ALJ committed legal error by failing to conduct an appropriate inquiry and obtain the missing records. See McLeod, 640 F.3d at 885.

### C. The ALJ Failed to Provide Persuasive, Specific, Valid Reasons

Even if the administrative record was adequate and complete, the ALJ failed to provide the requisite persuasive, specific, and valid reasons for discounting Plaintiff's VA disability rating. See AR at 25. In his decision, the ALJ states only the following regarding Plaintiff's VA disability

---

[5] The transcript of the September 13, 2015 hearing before the ALJ contains a discussion between Plaintiff and the ALJ regarding the records from Plaintiff's treating therapist Terri Brown. AR at 33-34. Although the ALJ initially said he could leave the record open for Plaintiff to add new evidence to the record, he later told Plaintiff that he did not think he would need it. Id. at 33-34, 53. Additionally, the May 25, 2017 decision from the Appeals Council indicated that Plaintiff submitted, inter alia, Medical Evidence of Record from Terri L. Brown, LSCSW dated August 28, 2013, but the Appeals Council did not consider the material and did not enter it as an exhibit. Id. at 2. Therefore, it is not in the record before this Court.

rating:

> Prior to the alleged onset date, the VA determined that the claimant was 100% disabled due to PTSD (70%); intervertebral disc syndrome (60%); sleep apnea syndromes (50%); fibromyalgia (40%); degenerative arthritis of the spine (20%); impairment of the clavicle or scapula (20%); synovitis (10%) (Exhibit 4F/143-144). Among [sic] the VA disability ratings may entitled to great weight (McCartey v. Massanari, 28 F.3d 1072, 1076 (9th Cir. 2002)). However, VA ratings of disability do not compel the Agency to find "disability" under the Social Security Act and regulations. (Id., citing 20 C.F.R. § 404.1504.) Disability decisions of other governmental or nongovernmental agencies constitute only "evidence" of the claimant's condition (20 C.F.R. § 404.1512(b)(5)) and are not binding on the Social Security Administration (20 C.F.R. § 404.1504).

Id. Although the Ninth Circuit normally requires the ALJ to give the VA disability rating "great weight," the ALJ may give less weight, if he gives "persuasive, specific, valid reasons for doing so that are supported by the record." McCartey, 298 F.3d at 1076. To the extent the ALJ may have discounted the VA disability rating merely because the decision is not binding on the SSA, that is not a valid reason to discount the VA disability rating. See id.

Defendant's primary argument is that the ALJ "fully incorporated Plaintiff's 70% PTSD rating in his evaluation of Plaintiff's mental impairments and functional capacity." Def.'s Mot. at 5. Defendant asserts that the ALJ considered relevant medical records and opinions of the State agency psychological consultants in reaching his decision that Plaintiff had "no severe mental impairments." Id. at 5-6. Initially, while the ALJ identifies some medical records that support his conclusion, he fails to address the ones that do not. See e.g., AR at 804, 1445, 1482. For example, on November 3, 2015, nurse practitioner Martha Gminski saw Plaintiff for medication management, and noted in Health Summary notes regarding Plaintiff's chronic PTSD that "presenting problems are moderate to high severity." Id. at 1445, 1482. She also noted in more detailed notes of the visit "major depressive disorder, recurrent" and indicated that "[patient] presents with a long history of PTSD, MDD, currently on bupropion." Id. at 1462-63. On June 3, 2015, provider Mary H. Bowman noted a diagnosis of prolonged post-traumatic stress. Id. at 1453-54. On March 17, 2015, a mental health progress note by Colene E. Marshall indicated a diagnostic impression of "PTSD, chronic." Id. at 805. The notes indicate that Plaintiff

"[c]ontinues to see therapist, Terri Brown, LSCSW [at] Adult, Child, & Family Counseling, Inc." Id. As discussed above, however, the records of Terri Brown were not included in the administrative record.

Even if the ALJ properly considered all of the relevant mental health records, he failed to provide a "persuasive, specific, valid reason" for discounting the VA's disability rating because he does not know and therefore cannot distinguish the bases for the VA ratings because the VA rating determination letter is not in the record. See supra Section IV.B. This Court has previously found that an ALJ provided the requisite persuasive, specific, valid reasons for not giving great weight to the VA's decision because the ALJ considered and discussed the bases of the VA rating determination, the examinations that provided the bases of the VA rating determination, and examinations by other physicians. Demko v. Comm'r of Soc. Sec., No. 15cv906-LAB (BLM), 2016 WL 1072837, at *12 (S.D. Cal. Feb. 11, 2016), report and recommendation adopted, No. 15CV906-LAB (BLM), 2016 WL 1056132 (S.D. Cal. Mar. 17, 2016). Unlike the ALJ in Demko, the ALJ here could not and did not consider the bases of the VA rating determination at all, and therefore could not and did not provide persuasive, specific, valid reasons for discounting it.[6]

Moreover, the ALJ's analysis is too conclusory. With regard to Plaintiff's mental health limitations, the ALJ merely states:

> The claimant has complained of anxiety and depression (Exhibits 4F, 8F, 13F). He has been prescribed psychotropic medications and received supportive psychotherapy (Exhibit 8F/162). The claimant has PTSD with panic attacks that are stable with medication (e.g. Exhibit 5F/8). Mental status examinations of record have been normal (e.g. Exhibit 15F/18). No severe mental impairment is established by the record.
> . . . .
> . . . From a mental standpoint, the determination of no severe impairment is consistent with the treating records that show unremarkable mental status examinations and stability of the claimant's mental symptoms with appropriate psychotropic medications and supportive psychotherapy.

---

[6] Similarly, because the bases of the VA disability ratings for the physical impairments also are absent from the record, the ALJ cannot provide the requisite persuasive, specific, and valid reasons for providing less than great weight to the various physical disabilities.

11

AR at 23, 25. Contrary to Defendant's arguments, the ALJ's statements and analysis do not provide the requisite persuasive, specific, and valid reasons for rejecting the VA determination. See Young v. Colvin, No. 2:14-CV-2585-EFB, 2016 WL 1117774, at *4 (E.D. Cal. Mar. 22, 2016) ("[T]he ALJ's conclusory dismissal of the VA's determination did not constitute a persuasive, specific, valid reason for giving it less weight."); Carreno v. Astrue, No. CV 07-1678-PHX-SMM, 2008 WL 2704779, at *6 (D. Ariz. July 7, 2008) (finding the ALJ's statements were conclusory and "not based on substantial evidence from the record" because the ALJ failed to specifically articulate his reasoning when, inter alia, "[t]here was no explanation as to why one piece of evidence was more compelling, or should be given more weight, than another competing piece of evidence"); see also McCartey, 298 F.3d at 1076 ("[T]he ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record.").

For the reasons stated above and based on the record as a whole, the Court concludes that the ALJ did not provide persuasive, specific, and valid reasons for giving less weight to the VA's disability rating because the record was incomplete and the ALJ's analysis was conclusory, and thereby committed legal error. See McLeod, 640 F.3d at 888 ("The ALJ's failure to help McLeod develop the record by putting his VA disability determination into the record was an error under Tonapetyan and McCartey, so the district court should remand.").

The Court also cannot conclude that the error is harmless. Harmless error exists "when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)). Errors that do not affect the ultimate result are harmless. See Parra v. Astrue, 481 F.3d 742, 747 (9th Cir. 2007). "[A] reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1056 (9th Cir. 2006)). Here, had the record been complete, the Court finds that a reasonable ALJ could have reached a different disability determination.

See id.; Garcia, 768 F.3d at 932 ("While the record here may not definitively demonstrate that [the plaintiff] would have been adjudicated disabled if the ALJ had [not erred], it is certainly not clear from the record that [the plaintiff] was not harmed by the ALJ's error."); McLeod, 640 F.3d at 888 ("Because we give VA disability determinations great weight, failure to assist McLeod in developing the record by getting his disability determination into the record is reasonably likely to have been prejudicial.").

### D. Remand v. Reversal

"The decision whether to remand for further proceedings or simply to award benefits is within the discretion of [the] court." McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989) (internal citation omitted). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). On the other hand, if the record has been fully developed such that further administrative proceedings would serve no purpose, "the district court should remand for an immediate award of benefits." Id. "More specifically, the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Id. (citing Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000)). The Ninth Circuit has not definitely stated whether the "credit-as-true" rule is mandatory or discretionary. See Vasquez v. Astrue, 572 F.3d 586, 593 (9th Cir. 2009) (acknowledging that there is a split of authority in the Circuit, but declining to resolve the conflict); Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010) (finding rule is not mandatory where "there are 'outstanding issues that must be resolved before a proper disability determination can be made'" (internal citation omitted)); Shilts v. Astrue, 400 F. App'x 183, 184-85 (9th Cir. Oct. 18, 2010) (explaining that "evidence should be credited as true and an action remanded for an immediate award of benefits only if [the Benecke requirements are satisfied]" (internal citation omitted)).

Here, because the Court finds that the record is incomplete, further administrative proceedings to develop the record would be useful and is appropriate. See Benecke, 379 F.3d at 593. Similarly, an immediate award of benefits is not appropriate because there are outstanding issues that must be resolved before a determination of disability can be made. See id. Therefore, this Court **RECOMMENDS REVERSING** the decision of the ALJ and **REMANDING** for further proceedings to address the errors noted above.

## V. CONCLUSION

For the reasons set forth above, this Court **RECOMMENDS** that Plaintiff's Motion for Summary Judgment be **GRANTED,** and Defendant's Cross-Motion for Summary Judgment be **DENIED**.

**IT IS HEREBY ORDERED** that any written objections to this Report and Recommendation must be filed with the Court and served on all parties no later than **March 16, 2018**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **April 2, 2018**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Yist, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: 3/1/2018

Hon. Barbara L. Major
United States Magistrate Judge