UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAPHAEL MAXIMILIAN RUSSELL,<br><br>          Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>          Defendant. | Case No.: 17-CV-1475 JLS (BLM)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF Nos. 9, 14, 18) |

  Presently before the Court is Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment, (ECF Nos. 9, 14). Magistrate Judge Barbara Major has issued a Report and Recommendation, ("R&R," ECF No. 18), recommending that Plaintiff's Motion for Summary Judgment be granted, Defendant's Cross-Motion for Summary Judgment be denied, and that Judgment be entered reversing the decision of the Administrative Law Judge and remanding this matter for further administrative proceedings. Defendant filed objections to the R&R, ("R&R Obj.," ECF No. 19-1), to which Plaintiff filed a response, ("Resp. to Obj.," ECF No. 20).

  Having reviewed the Parties' motions, Judge Major's R&R, and the underlying Administrative Record, the Court **ADOPTS** Judge Major's Report and Recommendation in its entirety.

1

## BACKGROUND

Judge Major's R&R contains a thorough and accurate recitation of the factual and procedural histories underlying the instant Motions for Summary Judgment. (*See* R&R 2–4.)[1] This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's report and recommendation. The district court must "make a de novo determination of those portion of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

## ANALYSIS

### I. Summary of Judge Major's Findings

The Administrative Law Judge ("ALJ") determined that Plaintiff is not disabled as defined in the Social Security Act. (R&R 3 (citing Administrative Record ("AR"), ECF No. 7, at 19–27).) The ALJ determined that Plaintiff could return to his past work as a fire dispatcher and case worker because this work is not precluded by his functional limitations. (*Id.* at 4 (citing AR 26).) Plaintiff argues the ALJ erred in not properly considering Plaintiff's Veterans Administration ("VA") disability rating. The VA had determined

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

Plaintiff is 100% disabled.

Judge Major first noted her concern about the adequacy of the Administrative Record. (R&R 7.) Plaintiff had represented himself during the disability hearing so the ALJ needed to be "especially diligent" in developing the record to assure Plaintiff's interests were considered. (*Id.* at 7–8 (citing *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); and *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)).) However, the record "does not contain the Rating Decision issued by the VA that contains the date of the decision, the bases for the disability determination, and the explanation of the disability rating percentages." (*Id.* at 8.) Moreover, the record "does not include medical records from Terri Brown, a therapist who treated Plaintiff 'for PTSD, anger management, and anxiety.'" (*Id.* at 9 (quoting AR 33).) In sum, Judge Major found the record to be ambiguous and incomplete. (*Id.* at 8–9.)

Further, even if the record were complete, Judge Major found the ALJ failed to provide the requisite persuasive, specific, and valid reasons for discounting Plaintiff's VA disability rating. (*Id.* at 9.) The ALJ did not explain why he discounted the VA determination. Judge Major found she could not conclude the error is harmless (*Id.* at 12.) "[H]ad the record been complete, the Court finds that a reasonable ALJ could have reached a different disability determination." (*Id.*)

In sum, Judge Major recommends reversing the decision of the ALJ and remanding for further proceedings.

## II. Summary of Defendant's Objections

The one header in Defendant's objections is titled: "Any error in the ALJ's evaluation of the Veterans Administration Disability Rating was only harmless." (R&R Obj. 3.) However, within this header, Defendant objects to various findings by Judge Major, not only the finding that the error was not harmless. Therefore, the Court will review the R&R in its entirety *de novo*.

/ / /

/ / /

## III. Discussion

### A. The Determination of the Veterans Administration

The Court first analyzes Plaintiff's allegation that the ALJ failed to ensure the record adequately contained Plaintiff's VA disability determination and also improperly discounted the VA's determination.

#### 1. Adequacy of the Record

An ALJ in Social Security cases "has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). "[W]here the claimant is not represented, it is incumbent upon the ALJ 'to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.'" *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978) (internal quotation marks and citation omitted).

Judge Major first found the record to be inadequate. Specifically, the record does not contain the VA's Rating Decision that shows, among other things, the basis for the determination that Plaintiff is 100% disabled. (R&R 8.) The ALJ acknowledged that "the VA determined that the claimant was 100% disabled due to PTSD (70%); intervertebral disc syndrome (60%); sleep apnea syndromes (50%); fibromyalgia (40%); degenerative arthritis of the spine (20%); impairment of the clavicle or scapula (20%); synovitis (10%)." (AR 25.) The ALJ then cited to two pages in the record, (AR 516–17), but these two pages do not refer to nor explain the VA ratings. In fact, there is no explanation in the record at all for the ratings.

Defendant objects that the "record was fully developed for the ALJ's evaluation of Plaintiff's alleged mental disability." (R&R Obj. 3.)[2] Defendant argues there was "ample mental health evidence for the ALJ to evaluate the severity of Plaintiff's alleged mental

---

[2] Specifically, Defendant states: "Even Plaintiff does not contest that the record was not fully developed for the ALJ's evaluation of Plaintiff's alleged mental disability." (R&R Obj. 3.) Despite the use of a confusing double negative, the Court assumes Defendant is arguing that the record is fully developed.

impairment and his mental functional capacity." (*Id.* at 4.) Defendant argues that because there was supporting evidence in the record allowing the ALJ to analyze Plaintiff's alleged mental impairments and functional limitations, the "ALJ properly evaluated the VA's disability rating." (*Id.* at 6.) Defendant cites to *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001), for the proposition that "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." (*Id.* at 4.) Defendant argues that the record as a whole was adequate to support the ALJ's determination.

Indeed, the ALJ obviously cited to and considered other evidence in the record. But, what is lacking is the VA disability determination and the supporting evidence behind it. This missing documentation triggered the ALJ's duty to further develop the record. *See McLeod*, 640 F.3d at 886 ("By failing to obtain and consider [Plaintiff]'s VA disability rating, the ALJ erred, denying him the 'full and fair hearing' to which he was entitled."). The Court agrees with Judge Major that the record is inadequate and the ALJ committed legal error by failing to conduct an appropriate inquiry and obtain the missing VA records.[3] The Court **ADOPTS** this finding.

### 2. *Discounting the VA Determination*

The VA determined that Plaintiff was 100% disabled. In determining that Plaintiff is not disabled under the SSA, the ALJ clearly came to a different conclusion. The Ninth Circuit normally requires the ALJ to give the VA disability rating "great weight," but the ALJ may give less weight, if he gives "persuasive, specific, valid reasons for doing so that are supported by the record." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). Judge Major found that the ALJ, in rejecting the VA rating or at least giving it little weight, failed to provide specific reasons for doing so. (R&R 9.) Defendant objects to this finding.

---

[3] Judge Major further determined the record was inadequate in other regards, outside from the missing VA disability determination. The record does not include medical records from Terri Brown, who treated Plaintiff. (R&R 9.) Defendant does not object to this specific finding. The Court agrees that the record lacks any documents pertaining to Ms. Brown's treatments and **ADOPTS** this finding.

The Court agrees with Judge Major. The Court, like Judge Major and the ALJ, acknowledges that a decision by the VA is not binding on the Social Security Administration. *See* 20 C.F.R. § 404.1504. Defendant's argument is that that there is sufficient evidence *overall* to support a finding of no disability. (R&R Obj. 4.) Judge Major acknowledged that the ALJ addressed some medical records to support his conclusion that Plaintiff was not disabled. (R&R 10.) But, this argument does not affect the determination that the ALJ was required to provide specific reasons for discounting the VA determination. Instead, the ALJ simply referred to the fact that the VA had determined Plaintiff to be 100% disabled, and said "[h]owever, VA ratings of disability do not compel the Agency to find 'disability' under the Social Security Act and regulations." (AR 25.) Indeed, this is true, but this legal conclusion is not by any means a "specific" reason for affording little or no weight to the VA determination. The ALJ failed to provide any specific explanation for discounting the VA disability determination and thus insufficiently addressed the VA disability rating. The Court **OVERRULES** Defendant's objection and **ADOPTS** this finding in the R&R.

*3. Harmless Error*

Judge Major determined that the ALJ's error is not harmless. (R&R 12.) An error is harmless if it is "clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)). The Court agrees with Judge Major and cannot say it is clear that the ALJ's failure was inconsequential to his determination. Had the ALJ properly considered the VA determination, (or, if he did indeed do so but failed to provide specific reasons for discounting it), a different determination could have been made.

The Court **OVERRULES** Defendant's objections and **ADOPTS** this portion of the R&R.

**CONCLUSION**

The Court **ADOPTS** the R&R in its entirety. Thus, the Court **GRANTS** Plaintiff's

1 | Motion for Summary Judgment, **DENIES** Defendant's Motion for Summary Judgment,
2 | and **REVERSES** the decision of the ALJ.  Further, the Court agrees that remanding this
3 | matter for further proceedings is the proper course of action.  (R&R 14.) Further
4 | administrative proceedings to develop the record would be useful and are appropriate.  This
5 | matter is **REMANDED** for further proceedings.  The Clerk **SHALL** close the file.

     **IT IS SO ORDERED.**

Dated:  July 9, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge